IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL GORDON, et al., § | |
| § | |
| Plaintiffs, § | |
| § Civil Action No. 3:17-MC-089-D | |
| VS. § | |
| § | |
| AMADEUS IT GROUP S.A., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this discovery matter related to a lawsuit pending in the Southern District of New York, non-parties Sam Gilliland, Tom Klein, Kyle Moore, and Greg Webb (collectively, "movants") object to the magistrate judge's order denying their motion to quash deposition subpoenas and denying in part their alternative motion for protective orders. Concluding that movants have failed to demonstrate that the magistrate judge abused her discretion in denying the motion to quash and denying in part the alternative motion for protective orders, the court AFFIRMS the magistrate judge's order.[1]

I

This discovery dispute arises in connection with a lawsuit brought against Sabre Corporation ("Sabre") and others in the Southern District of New York (the "*Gordon*" suit).

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

The plaintiffs in *Gordon* served subpoenas on movants, all of whom are former Sabre employees. Movants moved to quash the subpoenas on the ground that movants had already been deposed in other lawsuits against Sabre regarding the "same alleged misconduct," i.e., the alleged conspiracy on which the *Gordon* suit is based, and that it "therefore [was] neither reasonable nor necessary for Plaintiffs to force Movants to be questioned a third time on the same alleged misconduct." Mot. 17. The court referred the motion to the magistrate judge for determination.

Following a hearing, the magistrate judge denied the motion to quash, holding that there was no legal reason why the *Gordon* plaintiffs should not be given an opportunity to depose witnesses who the magistrate judge determined "clearly may have relevant information to their claims, even though other parties who [the plaintiffs are] not connected to may have brought similar claims before." Dec. 22, 2017 Hrg. Tr. 36. The magistrate judge granted "to a very limited extent" movants' alternative motion for protective orders, and she ordered "that the witnesses are not required to simply confirm their previous testimony or deposition testimony through the depositions." *Id.* at 37; *see also id.* (stating that the witnesses "will not be called upon to simply confirm that what they've already testified to is accurate or true.").[2]

---

[2]The magistrate judge memorialized her ruling in an electronic order docketed on December 28, 2017. The electronic order states: "As stated on the record during the Court's hearing on December 22, 2017, Movant's Motion to Quash is DENIED except to the extent that the witnesses need not confirm their prior deposition/trial testimony unless necessary for purposes of impeachment."

Movants object to the magistrate's ruling on several grounds, contending that she erred in refusing to take into account Judge Failla's decision on plaintiffs' motion to compel José Tazón's deposition; in failing to consider plaintiffs' lack of need for movants' depositions; and in refusing to limit the length and scope of movants' depositions to subjects on which they have not previously been deposed.

II

Because the magistrate judge's order involves a nondispositive matter (a discovery ruling), defendants' objections are governed by Fed. R. Civ. P. 72(a), which provides, in pertinent part: "[t]he district judge . . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.* "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.) (quoting *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.)) (internal quotation marks omitted). "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks and brackets omitted). "If a magistrate judge's account of the

evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Id*. (quoting *Smith*, 154 F.R.D. at 665) (internal quotation marks omitted). The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id.* (citing *Smith*, 154 F.R.D. at 665). "[T]he abuse of discretion standard governs review of that vast area of . . . choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." *Id.* (quoting *Smith*, 154 F.R.D. at 665) (alteration and ellipsis in original) (internal quotation marks omitted).

The court reviews the magistrate judge's discovery decision under the abuse of discretion standard, and it does not substitute its own judgment for that of the magistrate judge. *See Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.) ("And in matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge."); *see also Hoffman v. L & M Arts*, 2013 WL 655014, at *2 (N.D. Tex. Feb. 21, 2013) (Fitzwater, C.J.) (reviewing discovery decision for abuse of discretion).

III

The magistrate judge acted well within her discretion in denying movants' motion to quash and denying in part their alternative motion for protective orders. Although the explanation for her decision is relatively brief—it was made orally during the parties' December 22, 2017 hearing—there is no indication that in deciding movants' motions the

magistrate judge considered an improper factor or failed to consider the parties' arguments as presented in their briefs and during the hearing. In fact, she not only provided a justification for her decision, but she also indicated that she had considered, and disagreed with, the decision of the district judge who is presiding in the *Gordon* suit:

> [t]he difference here from when the witnesses were deposed is that they have testified and they have been deposed and so there may be information that's come from trial and other documents and other evidence that's gathered that's different from that pretrial, pre-deposition when they were first deposed and when they were first questioned and cross-examined at trial. . . . I respect Judge Failla. Obviously, [she] has more information about this case than I do. . . . But, I mean, basically, there is no legal basis to deny them their opportunity to depose witnesses who may have relevant information in their case simply because you unfortunately have had to defend similar claims previously.

Dec. 22, 2017 Hrg. Tr. 36-37.

Because the magistrate judge's decision on a motion to quash and for protective orders represents a "quintessential example[] of the exercise of discretion," the court will not substitute its own judgment for that of the magistrate judge, even if it would have decided the motion differently had it been doing so originally. *Nunn*, 2010 WL 2044477, at *4. As this court stated in *Nunn*, "[p]arties who seek review of . . . discovery rulings must therefore recognize and satisfy their obligation to demonstrate reversible error in the magistrate judge's decision, not simply the preferability of an alternative approach with which the district judge might agree if deciding the matter in the first instance." *Id.*

Accordingly, the court overrules defendants' objections to the magistrate judge's December 22, 2017 order.

* * *

The magistrate judge's December 22, 2017 order is AFFIRMED.

March 27, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE